JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1172 JGB (SPx)** | Date | December 17, 2024 |
|---|---|---|---|
| Title | ***Dennis Cooper v. Gulbanu Enterprises, Inc. et al.*** | | |

---

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:    Order (1) DISMISSING Plaintiff's Complaint for Failure to Prosecute; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

On June 4, 2024, Plaintiff filed a complaint. ("Complaint," Dkt. No. 1.) On August 7, 2024, the Court instituted a limited scheduling order. ("Scheduling Order," Dkt. No. 12.) The Scheduling Order provides the following:

1. *Proofs of Service:* Proofs of service for all defendants must be filed within **90 days** of the filing of the case absent a previously approved extension of time by the Court or a motion or responsive pleading by all defendants. The Court expects that the Complaint will be served on all parties promptly after filing.

2. *Requests for Default:* For any defendant who fails to respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for default must be filed no later than **7 days** after the time the response to the Complaint would have been due.

3. *Motions for Default Judgment:* If only defaulted defendants remain in the case – that is, no other defendants were named or the claims against all other defendants have been resolved either by dismissal, motion, or trial – a motion for default judgment must be filed within **30 days** of the last entry of default. Note that the Court is not generally inclined to enter partial default judgments, and, therefore, a motion for default judgment should not

be filed if some defendants have appeared and the case has not otherwise been completely resolved.

(Scheduling Order.)

In the present case, Plaintiff failed to timely file a motion for default judgment within 30 days of the Clerk's entry of default (Dkt. No. 9), as required by the Scheduling Order. (Dkt. No. 12.) The Court has previously warned Plaintiff that failure to comply with any of the requirements set forth in the Scheduling Order will **result in dismissal of the action in its entirety.** (Id.); Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Default was entered in this case on July 12, 2024 (Dkt. No. 9), and Plaintiff failed to move for default judgement by August 12, 2024. Furthermore, there has been no activity in this case since August 22, 2024. (See Dkt. No. 13.) The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**